UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERDINAND LUGO and                        No. 2:11-cv-01956-MCE-EFB
CYMBELINE GOMEZ-LUGO

      Plaintiffs,
    v.                                     <u>MEMORANDUM AND ORDER</u>

BANK OF AMERICA, N.A.,
et al.

      Defendants.


----oo0oo----

    Plaintiffs Ferdinand Lugo and Cymbeline Gomez-Lugo
(collectively, "Plaintiffs") brought this action in state court
against Defendant Bank of America ("BAC" or "Defendant") seeking
redress for a litany of statutory and common law violations
arising from the origination and subsequent refinancing of their
home mortgage.  Defendant thereafter removed the action to this
court.  Currently before the Court is Defendant's Motion to
Dismiss Plaintiffs' Complaint.

///

///

1

For the reasons set forth below, Defendant's Motion is GRANTED
with leave to amend.[1]


### BACKGROUND[2]


    Plaintiffs allege that, in 2005, they acquired a mortgage in
the amount of $329,500 from Country Wide, a BAC subsidiary.  In
2006, Plaintiffs refinanced their mortgage as an adjustable rate
loan for the amount of $520,000 ("the Subject Loan").  The
Subject Loan is currently served by BAC.  The current balance on
the Subject Loan is approximately $555,000.  The current market
value of Plaintiffs' house is approximately $285,000.

    Under the terms of the Subject Loan, the interest rate was
fixed for only the first month at 1.500% margin added to the
Current Index, and increased monthly thereafter to a recast rate
of 3.575% added to the Current Index.  Plaintiffs' initial
monthly payments constituted $1,800 per month.  In 2007, their
payments constituted $4,000 per month.  According to Plaintiffs,
they could not afford to make such monthly payments, and thus
made multiple loan modification requests with BAC.  BAC denied
all of Plaintiffs' requests.

    In 2009, Plaintiff Ferdinand Lugo, who was employed as a
mailman, lost his overtime pay.  In 2010, Plaintiff Cymbeline
Gomez-Lugo lost her part-time job as a nurse.

---

[1] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
Cal. R. 230(g).

[2] Unless otherwise noted, all of the background is taken
from the Complaint's factual allegations.

As a result of financial hardship, in January 2010, Plaintiffs began missing their monthly payments on the Subject Loan.

   According to Plaintiffs, Defendant should not have qualified them for the Subject Loan based on normal underwriting guidelines.  Defendant allegedly marketed the Subject Loan as "safe and affordable" and failed to disclose the material terms and risks of the Subject Loan to Plaintiffs.  According to Plaintiffs, they would not have accepted the Subject Loan terms had they been fully and properly informed of the inherent risks.

   Plaintiffs also allege that their primary language is Tagalog, and that Defendant failed to provide them with a translator during negotiations of the Subject Loan.

**REQUEST FOR JUDICIAL NOTICE**

   Defendant has filed a request seeking judicial notice under Federal Rule of Civil Procedure  201[3] of three documents, copies of which are attached as exhibits to the request: (1) Adjustable Rate Note, signed by Plaintiffs, and dated May 12, 2006; (2) Deed of Trust, signed by Plaintiffs, dated May 12, 2006, and recorded in the official records of San Joaquin County on May 22, 2006, as Document 2006-109962; and (3) Fannie May Historical Conventional Loan Limits, updated January 21, 2011.  (Def.'s Request for Judicial Notice ["RJN"], filed Aug. 1, 2011 [ECF No. 6].)

///

///

---

   [3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1    The Court "may take judicial notice of 'matters of public

2    record' without converting a motion to dismiss into a motion for

3    summary judgment." Lee v. City of L.A., 250 F.3d 668, 689

4    (9th Cir. 2001). Additionally, under the "incorporation by

5    reference" doctrine, a court may also review documents "whose

6    contents are alleged in a complaint and whose authenticity no

7    party questions, but which are not physically attached to the

8    [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076

9    (9th Cir. 2005) (citation omitted). The incorporation by

10   reference doctrine also applies "to situations in which the

11   plaintiff's claim depends on the contents of a document, the

12   defendant attaches the document to its motion to dismiss, and the

13   parties do not dispute the authenticity of the document, even

14   though the plaintiff does not explicitly allege the contents of

15   that document in the complaint." Id. The matters of which a

16   court may take judicial notice should be "generally known," or

17   "capable of accurate and ready determination by resort to sources

18   whose accuracy cannot reasonably be questioned." Fed. R. Evid.

19   201(f); U.S. v. Camp, 723 F.2d 741, 744 (9th Cir. 1984).

20   Having reviewed the exhibits to Defendant's RJN, the Court

21   finds that it may take judicial notice of all three attached

22   documents. The Court may properly take judicial notice of the

23   Deed of Trust (RJN Ex. B), because it is a public record and is

24   also referenced in the Complaint. (See Compl. ¶¶ 24,94.) The

25   Court may take judicial notice of the Adjustable Rate Note (RJN

26   Ex. A), under the "incorporation by reference" doctrine, because

27   Plaintiffs have specifically referred to this document in the

28   Complaint but have not attached it thereto. (See id.)

4

1  Finally, the Court may take judicial notice of Fannie May

2  Historical Conventional Loan Limits because the Court determines

3  that the content of this document is "capable of accurate and

4  ready determination by resort to sources whose accuracy cannot

5  reasonably be questioned."  See Fed. R. Evid. 201(f); Camp,

6  723 F.2d at 744.  Plaintiffs have not objected to Defendant's

7  request or challenged the authenticity of any of the attached

8  documents.

9

10              **LEGAL STANDARD UNDER RULE 12(b)(6)**

11

12     On a motion to dismiss for failure to state a claim under

13  Rule 12(b)(6), all allegations of material fact must be accepted

14  as true and construed in the light most favorable to the

15  nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

16  337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and

17  plain statement of the claim showing that the pleader is entitled

18  to relief,' in order to 'give the defendant a fair notice of what

19  the . . . claim is and the grounds upon which it rests.'"

20  Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting

21  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked

22  by a Rule 12(b)(6) motion to dismiss does not require detailed

23  factual allegations.  Id.  However, "a plaintiff's obligation to

24  provide the grounds of his entitlement to relief requires more

25  than labels and conclusions, and a formulaic recitation of the

26  elements of a cause of action will not do."  Id.  (internal

27  citations omitted).  A court is not required to accept as true a

28  "legal conclusion couched as a factual allegation."

1  Ashcroft v. Iqbal,129 S. Ct. 1937, 1949-50 (2009) (quoting

2  Twombly, 550 U.S. at 555).  "Factual allegations must be enough

3  to raise a right to relief above the speculative level."

4  Twombly, 550 U.S. at 555.

5       Furthermore, "Rule 8(a)(2) . . . requires a 'showing,'

6  rather than a blanket assertion, of entitlement to relief."

7  Twombly, 550 U.S. at 556 n.3 (internal citations omitted).

8  "Without some factual allegation . . . , it is hard to see how a

9  claimant could satisfy the requirements of providing not only

10 'fair notice' of the nature of the claim, but also 'grounds' on

11 which the claim rests."  Id. (citation omitted).  A pleading

12 must contain "only enough facts to state a claim to relief that

13 is plausible on its face."  Id. at 570.  If the "plaintiffs . . .

14 have not nudged their claims across the line from conceivable to

15 plausible, their complaint must be dismissed."  Id.

16     A court granting a motion to dismiss a complaint must then

17 decide whether to grant a leave to amend.  Leave to amend should

18 be "freely given" where there is no "undue delay, bad faith or

19 dilatory motive on the part of the movant, . . . undue prejudice

20 to the opposing party by virtue of allowance of the amendment,

21 [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S.

22 178, 182 (1962).  Dismissal without leave to amend is proper only

23 if it is clear that "the complaint could not be saved by any

24 amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc.,

25 499 F.3d 1048, 1056 (9th Cir. 2007) (internal citations omitted).

26 ///

27 ///

28 ///

1
2

**ANALYSIS**

3      Defendant now seeks dismissal of Plaintiffs' Complaint in
4  its entirety.  For the purposes of providing a more logical
5  presentation.  Plaintiffs' claims are not discussed in the same
6  order in which they were pled.

7

8      **A.    The Tender Rule**

9

10      As a threshold matter, Defendant argues that all of
11  Plaintiffs' claims should be dismissed for failure to comply with
12  the "tender rule."  (Def.'s Motion to Dismiss ("MTD"), filed
13  Aug. 1, 2011 [ECF 4], at 4:13-5:19.)  Under California law, a
14  plaintiff challenging a foreclosure sale or any cause of action
15  "implicitly integrated" with the sale is required to make a valid
16  and viable tender of payment of the debt.  Arnolds Mgmt. Corp. v.
17  Eischen, 158 Cal. App. 3d 575, 578-79 (1984); Karlsen v. Am.
18  Savs. & Loan Ass'n, 15 Cal. App. 3d 112, 121 (1971).  An offer to
19  tender is "an offer to pay the full amount of the debt for which
20  the property was security."  Arnolds Mgmt. Corp.,
21  158 Cal. App. 3d at 578.

22      Here, Plaintiffs do not allege any tender.  Because all of
23  Plaintiff's claims are "implicitly integrated" with the pending
24  foreclosure sale, Plaintiffs do not have standing to bring those
25  claims absent evidence of a tender offer.  Accordingly, the Court
26  dismisses Plaintiff's Complaint with leave to amend.
27  ///
28  ///

1    **B.    Second Cause of Action: Constructive Fraud**

2

3    Plaintiffs allege that Defendant misrepresented the terms of

4    the Subject Loan and induced Plaintiffs to accept the loan by

5    undue influence.   (Compl. ¶¶ 59-66.)   Defendant moves to dismiss

6    Plaintiffs' constructive fraud claim arguing that: (1) the claim

7    is time-barred; (2) the Complaint fails to state facts sufficient

8    to maintain the constructive fraud cause of action; and

9    (3) Plaintiffs' failed to plead the claim with particularity.

10   (MTD at 10:10-11:25.)

11

12   **1.    Statute of Limitations**

13

14   In actions based on fraud, the statute of limitations is

15   three years from the accrual of the cause of action.   Cal. Civ.

16   Proc. Code § 338(d); <u>Thomson v. Canyon</u>, 198 Cal. App. 4th 594,

17   607 (2011).   The cause of action is not deemed to have accrued

18   until the discovery, by the aggrieved party, of the facts

19   constituting the fraud.   Cal. Civ. Proc. Code § 338(d).

20   California courts have interpreted the discovery element to mean

21   "the discovery by the aggrieved party of the fraud <u>or</u> facts that

22   would lead a reasonably prudent person to <u>suspect</u> fraud."   <u>Doe v.</u>

23   <u>Roman Catholic Bishop of Sacramento</u>, 189 Cal. App. 4th 1423, 1430

24   (2010) (citations omitted) (emphasis in the original).

25   ///

26   ///

27   ///

28   ///

Because "subjective suspicion" is not required, if "a person becomes aware of facts which would make a reasonably prudent person suspicious, he or she has a duty to investigate further and is charged with knowledge of matters which would have been revealed by such an investigation." McCoy v. Gustafson, 180 Cal. App. 4th 56, 108 (2009). When bringing a fraud claim, a plaintiff should "allege facts showing that suit was brought within a reasonable time after discovery of the fraud without unnecessary delay and that failure to make the discovery sooner was not due to negligence." Alfaro v. Cmty. Housing Improvement Sys. & Planning Ass'n, Inc., 171 Cal. App. 4th 1356, 1391 (2009).

Plaintiffs' constructive fraud claim rests on Defendant's alleged misrepresentations made during negotiations of the Subject Loan. (Compl. ¶ 65.) In particular, Defendant stated that Plaintiffs, based on their income, were qualified to make payments for the life of the loan, and that Plaintiffs "could easily refinance whenever it became necessary." (Id.) Defendant also "promised the loan was affordable." (Id. ¶ 62.)

Plaintiffs executed the deed of trust securing the Subject Loan in May 2006. (RJN Ex. B.) They did not file this action until June 22, 2011, over five years later. Plaintiffs claim that they did not discover the alleged wrongdoing until "well after the loan was originated." (Compl. ¶ 46.) The only indication in the Complaint as to the exact date of such discovery is that Plaintiffs sought legal advice "on or about January 2011." (Id.)

///

///

9

1  The fact that Plaintiffs consulted an attorney to discuss their
2  legal options on a certain date does not assist the Court in
3  determining when Plaintiffs discovered or should have discovered
4  the alleged fraud.

5       The Complaint is devoid of <u>any</u> facts plausibly demonstrating
6  why Plaintiffs were unable to make discovery within the statutory
7  period.  In fact, the Adjustable Rate Note and the Adjustable
8  Rate Rider attached to the Deed of Trust, both of which
9  Plaintiffs signed in 2006, clearly explain the terms of the loan
10  repayment.  (RJN Exs. A & B.)  These documents describe the
11  adjustable nature of the interest rate and indicate when the
12  monthly mortgage payments would change.  (<u>Id.</u>)  Plaintiffs had a
13  duty to read the terms of the contract before signing.  <u>Fields v.</u>
14  <u>Blue Shield of Cal.</u>, 163 Cal. App. 3d 570, 578 (1985).
15  Additionally, the Complaint explicitly states that Plaintiffs'
16  monthly payments increased to $4,000 per month in 2007—within the
17  statutory period.  Plaintiffs acknowledge that such a dramatic
18  increase in monthly payments prompted them to call BAC regarding
19  their inability to make the payments.

20       Thus, the Complaint suggests that Plaintiffs should have
21  been aware of facts indicative of the alleged constructive fraud
22  within the statutory period.  What the Complaint lacks is any
23  facts plausibly demonstrating that Plaintiffs could not have
24  discovered the alleged fraud within the statutory period through
25  the exercise of reasonable diligence.  Accordingly, Plaintiffs'
26  constructive fraud claim, as alleged, is time-barred.

27  ///

28  ///

10

1          **2.    Failure to State a Claim**

2

3          "Constructive fraud is a unique species of fraud applicable

4    <u>only</u> to a fiduciary or confidential relationship." <u>Assilzadeh v.</u>

5    <u>Cal. Federal Bank</u>, 82 Cal. App. 4th 399, 415 (2000) (emphasis

6    added).  Absent special circumstances, "[t]he relationship

7    between a lending institution and its borrower-client is not

8    fiduciary in nature.  A commercial lender is entitled to pursue

9    its own economic interests in a loan transaction.  This right is

10   inconsistent with the obligations of a fiduciary which require

11   that the fiduciary knowingly agree to subordinate its interests

12   to act on behalf of and for the benefit of another." <u>Nymark v.</u>

13   <u>Heart Fed. Savings & Loan Assn.</u>, 231 Cal. App. 3d 1089, 1093 n.1

14   (1991) (internal citations omitted).  The Complaint contains no

15   facts which, if proven, establish special circumstances giving

16   rise to the existence of a fiduciary or confidential relationship

17   between Plaintiffs and BAC.  Plaintiffs have pled nothing

18   suggesting that BAC acted as anything but a conventional lender.

19   Accordingly, Plaintiffs' claim of constructive trust fails.

20

21          **3.    Failure to Plead with Particularity**

22

23          Claims of fraud must be pled with particularity.

24   Fed. R. Civ. P. 9(b); <u>Destfino v. Reiswig</u>, 630 F.3d 952, 958

25   (9th Cir. 2011).  To satisfy Rule 9(b), a complaint must identify

26   "the who, what, when, where, and how" of the fraudulent conduct,

27   as well as what is false or misleading about the allegedly

28   fraudulent statement including why the statement is false.

                                   11

1   <u>Ebeid v. Lungwitz</u>, 616 F.3d 993, 998 (9th Cir. 2010).  When

2   bringing a fraud claim against a corporate defendant, a plaintiff

3   must  "allege the names of the persons who made the allegedly

4   fraudulent representations, their authority to speak, to whom

5   they spoke, what they said or wrote, and when it was said or

6   written."  <u>Tarmann v. State Farm Mut. Auto Ins. Co.</u>,

7   2 Cal. App. 4th 153, 157 (1991).

8       Plaintiffs' constructive fraud claim fails to meet the

9   requisite pleading standard under Rule 9(b).  The Complaint is

10  silent as to who specifically made the purported

11  misrepresentations, their authority to speak on behalf of

12  Defendant, when the statements were made, and what the content of

13  those statements was.  Moreover, Plaintiffs' conclusory

14  allegations are insufficient to identify what was false or

15  misleading about Defendant's fraudulent statements including why

16  the statements were false.  Defendant allegedly misrepresented

17  that Plaintiffs, <u>based on their income</u>, were qualified to make

18  payments for the life of the loan, that Plaintiffs would be able

19  to refinance if necessary, and that the Subject Loan was

20  affordable. (Compl. ¶¶ 62,65.)  Plaintiffs further allege that

21  they were able to make loan payments until January 2010, when

22  they started experiencing financial difficulties.  (<u>Id.</u> ¶ 30.)

23  However, it appears that in January 2010 Plaintiffs' income was

24  lower than the income on the basis of which BAC qualified them

25  for the loan, because Plaintiff Ferdinand Lugo had lost his

26  overtime pay in 2009.  (<u>Id.</u> ¶ 29.)  Moreover, according to the

27  Complaint, Plaintiff Cymbeline Gomez-Lugo lost her part time job

28  as a nurse shortly thereafter.  (<u>Id.</u> ¶ 28.)

1  Thus, the Complaint suggests that Plaintiffs' financial

2  difficulties, and not any actions on the part of Defendant, made

3  the Subject Loan unaffordable for Plaintiffs.

4  The Court finds Plaintiffs' conclusory allegations of

5  constructive fraud to be inadequate even under the general

6  pleading standard of Rule 8, <u>see</u> <u>Iqbal</u>, 129 S. Ct. at 1954, and

7  to be particularly insufficient under the heightened standard of

8  Rule 9(b).  Accordingly, the Court dismisses Plaintiffs'

9  constructive fraud claim with leave to amend.

10

11  **C.   Third Cause of Action: Breach of Implied Covenant of**

12  **Good Faith and Fair Dealing**

13  Plaintiffs base their claim for breach of the implied

14  covenant on: (1) Defendant's failure "to disclose key

15  information" regarding the loan (Compl. ¶ 70); (2) Defendant's

16  failure to apply Plaintiffs' extra payments to the principal of

17  the loan, (<u>id.</u> ¶ 75); and (3) Defendant's failure to refinance

18  the Subject Loan as promised (<u>id.</u> ¶¶ 76-77).  Defendant argues

19  that the claim is time-barred, and that Plaintiffs failed to

20  state a viable claim.  (MTD at 12:11-14:8.)

21

22  **1.   Statute of limitations**

23

24  An action on "any contract, obligation or liability founded

25  upon an instrument in writing" must be commenced within four

26  years of accrual of the action.  Cal. Civ. Proc. Code § 337(1).

27  ///

28  ///

13

1  To the extent that Plaintiffs' claim is based on Defendant's
2  alleged refusal to refinance the Subject Loan, the claim is not
3  time-barred.  According to Plaintiffs, BAC refused to refinance
4  the Subject Loan after Plaintiffs started missing their monthly
5  payments in January 2010.  (Compl. ¶¶ 30,31.)  Thus, the claim
6  was brought within the applicable statute of limitations.

7      As to Plaintiffs' claim that Defendant failed to apply
8  Plaintiffs' extra payments to the principal of the loan, the
9  Court is unable to determine when the alleged wrongdoing
10  happened.  This particular allegation does not have any factual
11  support in the Complaint.  In fact, the Complaint does not even
12  mention that Plaintiffs ever made any extra payments.

13      To the extent that Plaintiffs' claim is based on Defendant's
14  failure to disclose material information during negotiations of
15  the Subject Loan, the claim is time-barred because it was filed
16  more than five years after Plaintiffs entered into the loan
17  agreement.  However, Plaintiffs argue that the "discovery rule"
18  applies to all of their claims, and thus the statute of
19  limitations should be tolled because "the discovery of the harm
20  came well after the loan was originated."  (Id. ¶ 46.)

21      The discovery rule "postpones accrual of a cause of action
22  until the plaintiff discovers, or has reason to discover, the
23  cause of action."  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th
24  797, 807 (2005).  A plaintiff claiming that the discovery rule
25  applies "must specifically plead facts to show (1) the time and
26  manner of discovery and (2) the inability to have made earlier
27  discovery despite reasonable diligence."  Id. at 808 (emphasis in
28  the original).

14

As this Court explained earlier, Plaintiffs have failed to meet the requisite burden.  Accordingly, Plaintiffs' third cause of action is time-barred to the extent it is based on Defendant's non-disclosure of material terms of the Subject Loan.

### 2.    Failure to State A Claim

Under California law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937 (9th Cir. 1999) (internal quotation marks omitted).  The covenant of good faith and fair dealing requires "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Andrews v. Mobile Aire Estates, 125 Cal. App. 4th 578, 589 (2005) (internal quotation marks omitted).  The covenant "is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." Racine & Laramie, Ltd. v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (1992).

Here, Plaintiffs base their claim on the Subject Loan origination and Plaintiffs' subsequent attempts at loan modification.  With respect to the Subject Loan origination, Plaintiffs' claim fails because "the implied covenant . . . does not require parties to negotiate in good faith prior to any agreement." McCain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 799 (2008).

///

15

1  With respect to Defendant's alleged failure to modify or

2  refinance the Subject Loan, Plaintiffs' claim fails because

3  Plaintiffs have not identified specific contractual provisions as

4  a basis for their claim.

5       To the extent that Plaintiffs rest their claim on

6  Defendant's alleged failure to apply extra payments to the

7  principal of the loan, Plaintiffs' claim fails for lack of any

8  factual support.  See Twombly, 550 U.S. at 555-56.  As the Court

9  stated earlier, nothing in the Complaint suggests that Plaintiffs

10 ever made extra payments on their loan.[4]

11      Accordingly, the Court dismisses Plaintiffs' third cause of

12 action with leave to amend.

13 ///

14 ///

15 ///

16 _____

17      [4] This particular allegation appears to be a boilerplate
   allegation which Plaintiffs' counsel has included in numerous
18 other complaints he filed in foreclosure-related cases in
   California courts.  See, e.g., Melegrito v. CitiMortgage Inc.,
19 No. C 11-01765 LB, 2011 WL 2197534, at *10 (N.D. Cal. June 6,
   2011); Joseph v. Wachovia Mortg. Corp., No. 5:11-cv-02395 EJD,
20 2011 WL 5827224, at *5 (N.D. Cal. Nov. 18, 2011); Finuliar v. BAC
   Home Loans Servicing, L.P., No. C-11-02629 JCS, 2011 WL 4405659,
21 at *3 (N.D. Cal. Sept. 21, 2011); Perez v. Wells Fargo Bank,
   N.A., No. C-11-02279 JCS, 2011 WL 3809808, at *4 (N.D. Cal.
22 Aug. 29, 2011).  At least two Judges specifically warned Mr.
   Graham that, under Rule 11(b)(3), he is under an affirmative duty
23 to ensure that "the allegations and other factual contentions [in
   the complaint] have evidentiary support or, if specifically so
24 identified, are likely to have evidentiary support after
   reasonable opportunity for further investigation or discovery."
25 See Melegrito, 2011 WL 2197534, at *10; Corazon v. Aurora Loan
   Servs., LLC, No. 11-00542 SC, 2011 WL 1740099, at *5 (N.D. Cal.
26 May 5, 2011).  This Court similarly warns Mr. Graham that, should
   Plaintiffs choose to file an amended complaint, the use of
27 boilerplate allegations copied from previously filed pleadings in
   other cases, without any verification as to the applicability of
28 those allegations to the instant action, can and will lead to
   sanctions.

1      **D.    Fourth Cause of Action: Predatory Lending in Violation**
2                **of California Financial Code §§ 4970-4979.8**

3      Plaintiffs allege that "Defendants violated California's
4 anti-predatory lending statutes . . . by steering, counseling and
5 directing Plaintiffs to accept" the Subject Loan when Plaintiffs
6 could have qualified for a more favorable loan.  (Compl.
7 ¶¶ 84-85.)  Defendant moves to dismiss Plaintiffs' fourth cause
8 of action arguing that Plaintiffs' loan is not a "covered" loan
9 within the meaning of California Financial Code § 4970.  (MTD at
10 14:14-15:2.)

11      California's predatory lending laws prohibit specific
12 wrongful acts in connection with "covered loans."  Cal. Fin. Code
13 §§ 4970, 4973.  A "covered loan" is "a consumer loan in which the
14 original principal balance of the loan does not exceed the most
15 current conforming loan limit for a single-family first mortgage
16 loan established by the Federal National Mortgage Association in
17 the case of a mortgage or deed of trust," and which meets certain
18 statutory conditions.  Cal. Fin. Code § 4970(b).  In 2006, when
19 Plaintiffs obtained their loan, the conforming loan limit was
20 $417,000.  (RJN Ex. C.)  Thus, Plaintiffs' loan for $528,000
21 exceeds the amount of the historical conventional loan limit and
22 is not "covered" by California Financial Code §§ 4970 et seq.
23 Plaintiffs have failed to make any coherent arguments to
24 demonstrate to the contrary.

25      Accordingly, Defendant's Motion to Dismiss the fourth cause
26 of action is granted with leave to amend.

27 ///

28 ///

1  **E.  Fifth Cause of Action: Violation of California Civil**
2  **Code § 1632**

3       Plaintiffs allege that "[t]he contract executed is not in a
4  language that the Plaintiff [sic] can readily understand, and
5  Defendants failed to provide the Plaintiffs with any
6  documentation in their native language."  (Compl. ¶ 94).[5]
7  Defendant moves to dismiss Plaintiffs' fifth cause of action on
8  three grounds: (1) the claim is barred by the statute of
9  limitations; (2) Plaintiffs lack standing to assert a violation
10 of §1632; and (3) Plaintiffs failed to allege a violation of
11 § 1632. (MTD at 15:16-16:14.)

12      California Civil Code § 1632 provides that "[a]ny person
13 engaged in a trade or business who negotiates primarily in
14 Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in
15 writing," must "deliver to the other party to the contract or
16 agreement . . . a translation of the contract or agreement in the
17 language in which the contract or agreement was negotiated" prior
18 to execution of the contract.  Plaintiffs have alleged no facts
19 demonstrating that they negotiated the loan agreement at issue in
20 a language other than English either orally or in writing.
21 ///
22 ///
23 ///

24 ─────────────
        [5] As Defendant notes, within the fifth cause of action in
25 the Complaint, Plaintiffs have included a paragraph that alleges
   violations of an entirely separate statute (15 U.S.C. § 1632),
26 which has the same section number as California Civil Code
   § 1632.  (See MTD at 16:24-28; Compl. ¶ 90.)  Because Plaintiffs
27 have not established the applicability of 15 U.S.C. § 1632 (which
   governs form of disclosure in consumer credit transactions) to
28 the instant action, the Court disregards Plaintiffs' references
   to 15 U.S.C. § 1632 in their fifth cause of action.

While Plaintiffs allege that their primary language is Tagalog (Compl. ¶ 32), the Complaint is silent as to what the language of the loan negotiations was.  Thus, Plaintiffs have failed to state a claim for a violation of California Civil Code § 1632.

Furthermore, claims under California Civil Code § 1632 are subject to one-year statute of limitations pursuant to California Code of Civil Procedure § 340(a).  Esoimeme v. Wells Fargo Bank, No. CIV S-10-2259 JAM EFB PS, 2011 WL 3875881, at *7 (E.D. Cal. Sept. 1, 2011).  Plaintiffs filed their claim more than five years after the alleged violation, and they have failed to allege any facts to support tolling of the statute of limitations.  Accordingly, Plaintiffs' claim under § 1632 is time-barred.

Finally, § 1632 generally does not apply to loans secured by real property.  Cal. Civil Code § 1632(b)(2).  However, there is an exception for real estate loans secured by real property which are exclusively negotiated by a real estate broker.  Id. § 1632(b)(4); Cal. Bus. & Prof. Code § 10240; Castaneda v. Saxon Mortg. Services, Inc., 687 F. Supp. 2d 1191, 1200 (E.D. Cal. 2009).  "[F]or a lender to be liable under section 1632, the lender must have acted as a broker or have an agency relationship with a broker."  ING Bank, FSB v. Chang Seob Ahn, 758 F. Supp. 2d 936, 940 (N.D. Cal. 2010).  Although Plaintiffs allege that BAC either had an agency relationship with a broker or was acting as a broker in originating the Subject Loan (Compl. ¶ 92), these conclusory allegations are not supported by any factual content.

Accordingly, the Court dismisses Plaintiffs' fifth cause of action with leave to amend.

///

1       **F.   First Cause of Action: Violations of Business and**
2            **Professions Code §§ 17200 et seq.**

3            Plaintiffs' first cause of action arises under California
4       Business and Professions Code § 17200, known as the Unfair
5       Competition Law ("UCL").  UCL establishes three varieties of
6       unfair competition: "unlawful, unfair, or fraudulent" business
7       acts and practices.  Cal. Bus. & Prof. Code § 17200; <u>Shvarts v.</u>
8       <u>Budget Group, Inc.</u>, 81 Cal. App. 4th 1153, 1157 (2000).  Claims
9       under UCL should be brought "within four years after the cause of
10      action accrued."  Cal. Bus. & Prof. Code § 17208.  Plaintiffs'
11      Complaint alleges UCL violations arising out of the refinancing
12      of their loan in May 2006.  Plaintiffs did not file their
13      Complaint until June 22, 2011, over five years later.  Plaintiffs
14      again claim that the statute of limitations should be tolled
15      because "the discovery of the harm came well after the loan was
16      originated."  (Compl. ¶ 46.)

17           It is not settled whether the "discovery rule" applies to
18      claims under UCL.  <u>See</u>, <u>e.g.</u>, <u>Whelan v. BDR Thermea</u>,
19      No. C-11-02146 EDL, 2011 WL 6182329, at *3 (N.D. Cal. Dec. 13,
20      2011) ("The applicability of the delayed discovery rule in UCL
21      actions is . . . unsettled."); <u>Purdum v. Holmes</u>,
22      187 Cal. App. 4th 916, 924 (2010) ("[T]he law is unsettled
23      whether [the statute of limitations period under UCL] may be
24      tolled for delayed discovery.").  The Court does not need to
25      determine the applicability of the "discovery rule" to UCL
26      actions on the instant motion to dismiss, because, as the Court
27      explained earlier, Plaintiffs' claim fails even if the discovery
28      rule applies.

1   Accordingly, the Court grants Defendant's motion to dismiss

2   Plaintiffs' first cause of action with leave to amend.[6]

3

4   **G.   Defendant's Motion to Dismiss Plaintiffs' Request for**
        **Punitive Damages and to Strike Request for Attorney's**

5       **Fees**

6

7   In light of this Court's dismissal of all of Plaintiffs'

8   claims, the Court denies Defendant's motion to dismiss

9   Plaintiffs' request for punitive damages as moot.  The Court also

10  denies as moot Defendant's motion to strike Plaintiffs' request

11  for attorney's fees.

12

13                              **CONCLUSION**

14

15  Defendant's Motion to Dismiss each of Plaintiffs' causes of

16  action is granted with leave to amend.  Defendant's Motion to

17  Dismiss Plaintiffs' Request for Punitive Damages and Motion to

18  Strike Plaintiffs' Request for Attorney's Fees are denied as

19  moot.

20  ///

21

22      [6] Because the Court dismisses Plaintiff's first cause of
    action as time-barred, it does not have to address Defendant's
23  other arguments for dismissal.  However, were it to address these
    arguments, the Court would find that Plaintiffs have also failed to
24  plead fraudulent practices with particularity as required to
    state a claim under the UCL's "fraud" prong. See Kearns v. Ford
25  Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  Additionally,
    because the Court has dismissed all of Plaintiffs' claims
26  alleging Defendant's unlawful acts, Plaintiffs have also failed
    to state a claim for "unlawful" business practices under UCL.
27  See  Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1033
    (N.D. Cal. 2010) ("[Defendant] cannot be liable under § 17200 for
28  committing unlawful business practices without having violated
    another law.") (citation omitted).

                                   21

1  Plaintiffs are directed to file an amended complaint, should they

2  choose to do so, within twenty (20) days of this Order.  If no

3  amended complaint is filed within said twenty (20)-day period,

4  this action will be dismissed without any further notice from the

5  court based on lack of prosecution.

6      IT IS SO ORDERED.

7  Dated: March 14, 2012

8

9  _____

10  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28